UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEUSTCHE BANK NATIONAL COMPANY,

    Plaintiff,

    v.

MARVIN C. CUARESMA, et al.,

    Defendants.

_____/

No. C 11-3820 PJH

**ORDER GRANTING MOTION TO REMAND**

Defendants Marvin C. Cuaresma and Merriame C. Cuaresma removed this unlawful detainer action from the Superior Court of California, County of Santa Clara, on August 3, 2011, alleging federal question jurisdiction. On October 21, 2011, plaintiff Deutsche Bank National Company as Trustee under the Pooling and Servicing Agreement Relating to Impact Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3 ("Deutsche Bank") filed a motion to remand for lack of subject matter jurisdiction, and for untimely removal. Defendants filed no opposition to the motion.

The court has reviewed the notice of removal, the state court complaint, and the plaintiff's motion, and finds that plaintiff's motion must be GRANTED and the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

Plaintiff Deutsche Bank filed the complaint at issue in Santa Clara Superior Court on August 25, 2010. The complaint alleged a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property to Deutsche Bank in May 2010. A copy of the complaint, and a copy of the Trustee's Deed Upon Sale (recorded in the Official Records of the County of Santa Clara on May 14, 2010), are attached as exhibits to the Declaration of Edward T. Weber in

support of Deutsche Bank's motion to remand.

The complaint asserts that following the sale, defendants were served with a three-day written notice to quit and deliver up possession of the property to Deutsche Bank, and that as of the date the complaint was filed, defendants remained in possession of the property.

An unlawful detainer judgment was entered by the Superior Court on April 18, 2011, and a writ of possession was also entered on that date. A lockout occurred, and defendants were removed from the property by officers of the Santa Clara County Sheriff's Department on July 5, 2011. The writ of possession was returned satisfied to the Superior Court on July 15, 2011. Copies of the judgment and writ are attached as exhibits to the Weber Declaration.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331. Defendants assert that jurisdiction is proper under the laws of the United States, based on alleged violations of their rights under the federal Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), and Truth in Lending Act ("TILA").

However, while defendants purported to remove the action under federal question jurisdiction by asserting that they have claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a. As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. The complaint specifies on the caption page that the demand "does not exceed $10,000." The complaint seeks restitution of the premises, and damages in the amount of $142.20 per day from August 24, 2010, up to the date of judgment, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $142.20 per day that Deutsche Bank is seeking

in damages.  Thus, liability does not exceed $75,000.00.

Accordingly, as the court lacks subject matter jurisdiction, and would have no power to consider any of defendants' claims or defenses, even had judgment not already been entered by the Superior Court, the motion to remand is GRANTED.  The action is hereby REMANDED to the Santa Clara County Superior Court.

The clerk shall close the file and terminate any pending motions.  The January 25, 2012, hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: November 14, 2011

PHYLLIS J. HAMILTON
United States District Judge